IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ISIAH LUCAS, JR.,

    Plaintiff,

  v.

LT. SILVA, et al.,

    Defendants.
    _____/

No. C 07-1673 CW (PR)

ORDER OF SERVICE

    Plaintiff Isiah Lucas, Jr., a state prisoner currently incarcerated at Pleasant Valley State Prison (PVSP), has filed the present pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that prison officials at the Correctional Training Facility (CTF) were deliberately indifferent to his serious medical needs while he was incarcerated there in 2006. His motion for leave to proceed in forma pauperis has been granted.

    Venue is proper in this district because the acts complained of occurred at CTF, which is located in Monterey County. 28 U.S.C. §§ 84(a), 1391(b).

DISCUSSION

I.  Standard of Review

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally

construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

II.  Legal Claims

    A.   Injunctive Relief

Plaintiff seeks both injunctive relief and monetary damages. However, he is no longer incarcerated at the prison where the alleged violations took place.  The jurisdiction of the federal courts depends on the existence of a "case or controversy" under Article III of the Constitution.  Pub. Utils. Comm'n of State of Cal. v. FERC, 100 F.3d 1451, 1458 (9th Cir. 1996).  A claim is considered moot if it has lost its character as a present, live controversy, and if no effective relief can be granted:  "Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented."  Flast v. Cohen, 392 U.S. 83, 95 (1968).  Where injunctive relief is involved, questions of mootness are determined in light of the present circumstances.  See Mitchell v. Dupnik, 75 F.3d 517, 528 (9th Cir. 1996).

When an inmate has been transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should

be dismissed as moot.  See Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995).  A claim that the inmate might be re-transferred to the prison where the injury occurred is too speculative to overcome mootness.  Id.

Plaintiff has alleged unconstitutional conditions of confinement during the period of his confinement at CTF.  Plaintiff sought injunctive relief to remedy these alleged injuries.  On April 20, 2007, Plaintiff informed the Court he had been transferred to PVSP.  Because Plaintiff has not been incarcerated at CTF since 2006, his claims for injunctive relief from the conditions of his confinement at CTF are DISMISSED as moot.  The Court reviews Plaintiff's remaining claims for damages.

B.   Deliberate Indifference Claim

Plaintiff alleges that Defendants CTF Warden Ben Curry, Sergeant M. Miranda, Lieutenant Silva and Captain Jarvis denied him adequate medical care.  Plaintiff claims that they knew that he had a medical chrono to be assigned to a lower bunk due to his chronic back pains, and that they nevertheless ignored his chrono and were responsible for assigning him to an upper bunk from April 20, 2006 through July 8, 2006.  Plaintiff claims that during this eighty-day period, he suffered "pain/agony" because of the chronic back pains and knee problems he experienced from being assigned to an upper bunk.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133,

3

1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle v. Gamble, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

The fact that Plaintiff was issued a medical chrono -- permitting him to be assigned to a lower bunk -- supports an inference that Plaintiff had a serious medical need for this accommodation. Plaintiff alleges that Defendants acted with deliberate indifference because they ignored his chrono and were responsible for assigning him to an upper bunk for a period of eighty days, during which he suffered "pain/agony." The allegations of the complaint are sufficient to state a COGNIZABLE claim for deliberate indifference to Plaintiff's serious medical needs against Defendants Curry, Miranda, Silva and Jarvis.

C.  Claim Against Defendant Guerra

Defendant CTF Captain Guerra is named as a Defendant, but Defendant Guerra is not mentioned in the statement of claim.

Plaintiff has failed to link Defendant Guerra to any of the alleged wrongs he has suffered. Liability may be imposed on an

4

individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. See id. Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" violation of his protected rights. Id. at 634.

If Plaintiff intends to sue Defendant Guerra as a supervisor, he must allege that Defendant Guerra "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff has not made such a claim.

Accordingly, Plaintiff's claim against Defendant Guerra is DISMISSED WITH LEAVE TO AMEND. Plaintiff may name Defendant Guerra as a Defendant in an amendment to the complaint if he can in good faith describe what Defendant Guerra did that violated Plaintiff's constitutional rights.

D.  Claims Against All Employees at CTF

Plaintiff names "all employees" at CTF as Defendants. A

defendant cannot be held liable simply based on his membership in a group without showing his individual participation in unlawful conduct. <u>Chuman v. Wright</u>, 76 F.3d 292, 294 (9th Cir. 1996). Either personal involvement or integral participation of each defendant in the alleged constitutional violation is required before liability may be imposed. <u>See</u> <u>Jones v. Williams</u>, 297 F.3d 930, 936 (9th Cir. 2002). Plaintiff cannot name "all employees" at CTF as Defendants without naming and linking specifically each CTF employee to his deliberate indifference claim. Accordingly, all claims against the Defendant group of "all employees" at CTF (as opposed to individually named employees at CTF) are DISMISSED WITH PREJUDICE.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  Plaintiff's claims for injunctive relief are DISMISSED as moot.

2.  Plaintiff has stated a COGNIZABLE Eighth Amendment claim against Defendants Curry, Miranda, Silva and Jarvis for deliberate indifference to his serious medical needs.

3.  Plaintiff's claim against Defendant Guerra is DISMISSED WITH LEAVE TO AMEND as indicated above. Within <u>thirty (30) days</u> of the date of this Order Plaintiff may file an amended claim against Defendants Guerra as set forth above in Section II(C) of this Order. Plaintiff shall resubmit only that claim and not the entire complaint. Plaintiff must clearly label the document an "Amendment to the Complaint," and write in the case number for this action, Case No. C 07-1673 CW (PR). The failure to do so will result in the dismissal without prejudice of his claim against Defendant

6

Guerra.

4. All claims against the Defendant group of "all employees" at CTF are DISMISSED WITH PREJUDICE.

5. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to <u>CTF Warden Ben Curry, CTF Lieutenant Silva, CTF Captain Jarvis, and CTF Sergeant M. Miranda</u>. The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

6. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty (60) days</u> from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to

7

waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due <u>sixty (60) days</u> from the date on which the request for waiver was sent or <u>twenty (20) days</u> from the date the waiver form is filed, whichever is later.

    7.  Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

        a.  No later than <u>ninety (90) days</u> from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

        b.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than <u>sixty (60) days</u> after the date on which Defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute

>about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

    Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

      c.   If Defendants wish to file a reply brief, they shall do so no later than thirty (30) days after the date Plaintiff's opposition is filed.

      d.   The motion shall be deemed submitted as of the date

the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

8. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

9. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

11. Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 10/28/09

_____
CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ISIAH LUCAS JR.,

        Plaintiff,

  v.

M. MIRANDA et al,

        Defendant.

Case Number: CV07-01673 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 28, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Isiah Lucas E-91878
Pleasant Valley State Prison
B/4-108
P.O. Box 8502
Coalinga, CA 93210

Attorney General
State of California
455 Golden Gate Avenue, #11000
San Francisco, CA 94102

Dated: October 28, 2009

                              Richard W. Wieking, Clerk
                              By: Sheilah Cahill, Deputy Clerk