IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIAH LUCAS, JR., | No. C 07-1673 CW (PR) |
| Plaintiff, | ORDER REVIEWING AMENDMENT TO COMPLAINT; REQUIRING SERVICE ON DEFENDANT I. GUERRA; AND SETTING BRIEFING SCHEDULE FOR DEFENDANT GUERRA'S DISPOSITIVE MOTION |
| v. | |
| LT. SILVA, et al., | |
| Defendants. / | |

Plaintiff Isiah Lucas, Jr., a state prisoner currently incarcerated at Pleasant Valley State Prison (PVSP), has filed the present pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that prison officials at the Correctional Training Facility (CTF) were deliberately indifferent to his serious medical needs while he was incarcerated there in 2006.

On October 28, 2009, the Court issued an Order of Service. Because Plaintiff had not been incarcerated at CTF since 2006, his claims for injunctive relief from the conditions of his confinement at CTF were DISMISSED as moot. The Court found a cognizable Eighth Amendment claim against Defendants CTF Warden Ben Curry, Sergeant M. Miranda, Lieutenant Silva and Captain Jarvis for deliberate indifference to his serious medical needs, stating:

> The fact that Plaintiff was issued a medical chrono -- permitting him to be assigned to a lower bunk -- supports an inference that Plaintiff had a serious medical need for this accommodation. Plaintiff alleges that Defendants acted with deliberate indifference because they ignored his chrono and were responsible for assigning him to an upper bunk for a period of eighty days, during which he suffered "pain/agony." The allegations of the complaint are sufficient to state a COGNIZABLE claim for deliberate indifference to Plaintiff's serious medical needs against Defendants Curry, Miranda, Silva and Jarvis.

(Oct. 28, 2009 Order at 4.) The Court ordered service of the

complaint on Defendants Curry, Miranda, Silva and Jarvis. All claims against the Defendant group of "all employees" at CTF were dismissed with prejudice. Plaintiff's claim against Defendant CTF Captain I. Guerra was dismissed with leave to amend. The Court gave Plaintiff until November 28, 2009 to file an amendment to the complaint. He was warned the failure to do so would result in dismissal of his claims against Defendant Guerra.

Thereafter, Plaintiff filed his amendment to the complaint.

In an Order dated April 7, 2010, the Court granted Defendants Curry, Miranda, Silva and Jarvis a sixty-day extension of time, until June 7, 2010, to file their motion for summary judgment.

DISCUSSION

The Court now reviews the amendment to the complaint to determine whether it states cognizable claims for relief.

In the amendment, Plaintiff states that "Defendant Guerra was aware of Plaintiff's medical condition and the fact that Plaintiff had a medical chrono . . . as she signed-off onto that of a CDCR Appeal Log No.: CTF-C-06-01425 as the SECOND LEVEL REVIEWER . . . ." (Am. to Compl. at 2.) Plaintiff is suing Defendant Guerra because she had the power and authority to remedy the alleged constitutional violation, but elected not to act and thus allowed the constitutional violation to continue. Read liberally, the allegations in Plaintiff's amendment to the complaint state a cognizable deliberate indifference claim against Defendant Guerra. Therefore, this claim may proceed against Defendant Guerra, who shall abide by the briefing schedule outlined below.

In his amendment, Plaintiff also clarifies that when he named

"all employees" at CTF in his original complaint, he was referring to "all who was involved herein Plaintiff's matter, such as 'Tier Officers' that is [sic] too responsible for the assigning bunks to inmates." (Am. to Compl. at 3.)  Thus, it seems that Plaintiff is referring to several unidentified defendants involved in alleged Eighth Amendment violation.  Suing unidentified defendants is not favored in the Ninth Circuit.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  However, where defendants' identity cannot be known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify them. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the claims against the unidentified defendants are DISMISSED without prejudice.  Should Plaintiff learn their identities, he may move to file a second amendment to the complaint to add them as named defendants.  See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

Finally, Plaintiff asks the Court to reconsider its October 28, 2009 Order dismissing as moot his injunctive relief claims because the relief is "not merely requested for the Plaintiff, but for the entire inmate population" at CTF.  (Am. to Compl. at 1.) He states:

> . . . Plaintiff observed that there was a [plethora] of inmates which suffered from the same which Plaintiff did . . . the reason was simply due to staff not willing to house Close Custody Inmates nowhere other than two (2) wings only, which is primarily 'D & E Wings' only -- when there is at the lease [sic] -- ten (10) other wings which could accomondate [sic] Close Custody Inmates and could alleviate the so call [sic] shortage of bottom-bunks.

(Id. at 2 (brackets in original.)  However, as a matter of law, pro se prisoner plaintiffs are not able to represent fairly or to

3

protect adequately the interests of a class. See <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407 (4th Cir. 1975); <u>Griffin v. Smith</u>, 493 F. Supp. 129, 131 (W.D.N.Y. 1980). "[A] litigant appearing in <u>propria persona</u> has no authority to represent anyone other than himself." <u>Russell v. United States</u>, 308 F.2d 78, 79 (9th Cir. 1962). Accordingly, the Court DENIES Plaintiff's request for reconsideration of the Court's October 28, 2009 Order dismissing as moot his injunctive relief claims.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The allegations in Plaintiff's amendment to the complaint state a cognizable deliberate indifference claim against Defendant Guerra.

2. Plaintiff's claims against the unidentified defendants are DISMISSED from this action without prejudice.

3. Plaintiff's request for reconsideration of the Court's October 28, 2009 Order dismissing as moot his injunctive relief claims is DENIED.

4. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1), a copy of the amendment to the complaint and all attachments thereto (docket No. 20), as well as a copy of this Order to <u>CTF Captain I. Guerra</u>. The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

4

5.   Defendant Guerra is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires her to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant Guerra, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, she will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendant Guerra had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), she will not be required to serve and file an answer before <u>sixty (60) days</u> from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant Guerra is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendant Guerra has been personally served, the Answer shall be due <u>sixty (60) days</u> from the date on which the request for waiver was sent or <u>twenty (20) days</u> from the date the waiver form is filed, whichever is later.

6.   Defendant Guerra shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motion filed by Defendant Guerra in this action:

   a.   No later than <u>ninety (90) days</u> from the date Defendant Guerra's answer is due, she shall file a motion for

5

summary judgment or other dispositive motion.  In the alternative, the Attorney-General may address the claims against her in the motion for summary judgment he will file on behalf of the co-Defendants.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendant Guerra is of the opinion that this case cannot be resolved by summary judgment, she shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

      b.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant Guerra no later than <u>sixty (60) days</u> after the date on which Defendant Guerra's motion is filed.  The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If

> you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendant Guerra's dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    c. If Defendant Guerra wishes to file a reply brief, she shall do so no later than thirty (30) days after the date Plaintiff's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. Defendants Curry, Miranda, Silva and Jarvis shall abide by the briefing schedule governing dispositive motions filed in the Court's April 7, 2010 Order. Their counsel may address the claims against Defendant Guerra in this motion as well.

1    8. Extensions of time are not favored, though reasonable
2 extensions will be granted.  Any motion for an extension of time
3 must be filed no later than fifteen (15) days prior to the deadline
4 sought to be extended.

5    IT IS SO ORDERED.

6 DATED: 5/6/2010        
7                        CLAUDIA WILKEN
                         United States District Judge

G:\PRO-SE\CW\CR.07\Lucas1673.revAM2compl&serveGuerra.frm  8