IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIAH LUCAS, JR.,<br><br>        Plaintiff,<br><br>  v.<br><br>M. MIRANDA, et al.,<br><br>        Defendants.<br>_____/ | No. C 07-01673 CW (PR)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR STAY AND GRANTING EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANTS' DISPOSITIVE MOTION; DENYING HIS REQUEST FOR THE RETURN OF HIS PERSONAL PROPERTY; AND SETTING BRIEFING SCHEDULE<br><br>(Docket no. 40) |

    Before the Court is Plaintiff's motion to stay proceedings and his request for the return of his personal property.

    In an Order dated July 12, 2010, the Court granted Plaintiff's request for an extension of time to file his opposition to Defendants' dispositive motion and directed him to file his opposition no later than August 30, 2010.

    In his request for a stay, Plaintiff alleges that on July 1, 2010 he was transferred from the Correctional Training Facility (CTF) in Soledad to California State Prison-Solano (CSP-Solano) in Vacaville. He claims that none of his personal property, which includes his legal materials, was transported with him during the transfer to CSP-Solano. (Mot. to Stay at 2.) Plaintiff has submitted multiple administrative forms requesting assistance in obtaining his property from CTF. (Id. at 2-4.) As of July 21, 2010, the date of the present motion, he claims his efforts have not been successful. He contends that he needs his legal materials

to prepare his opposition.  Therefore, he asks the Court to "stay all matters in litigation" and "to resume once Plaintiff receive[s] all of his property."  (Id. at 5.)  He also asks "this Court to order CTF-Soledad to send Plaintiff's property and/or CSP-Solano to locate and relinquish to Plaintiff his property."  (Id.) Defendants oppose Plaintiff's requests and argue that "Plaintiff's legal materials would not enable him to sucessfully [sic] oppose the pennding [sic] motion to dismiss."  (Opp'n to Mot. to Stay at 1.)  The Court finds Defendants' argument unavailing.  Plaintiff should be afforded a fair opportunity to prepare his opposition, independent of Defendants' assessment of his likelihood of success in contesting the motion to dismiss.  Furthermore, if Defendants are convinced that "dismissal is inevitable," extending the time for Plaintiff to file his opposition should cause them no undue burden.  Defendants' counsel may be in a position to encourage prison officials to return Plaintiff's legal materials so that he can prepare his opposition.  Accordingly, Plaintiff's request for a stay is denied but he is granted a second extension of time to file his opposition.  The parties shall abide by the briefing schedule outlined below.

    Plaintiff's request for the return of his personal property, including his legal materials, is DENIED.  The Court does not have the power to order a non-party -- such as the warden or other prison officials -- to provide an inmate with access to any of his personal legal materials.  In addition, such an order would be inappropriate because the United States Supreme Court has cautioned lower courts to avoid entanglement in the day-to-day matters of

2

prison administration.  See Turner v. Safley, 482 U.S. 78, 84-85 (1987) ("Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government.  Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint.  Where a state penal system is involved, federal courts have . . . additional reason to accord deference to the appropriate prison authorities.")  Ordering that personal property or legal materials be returned to Plaintiff would interfere with state prison officials' management of the prison.  The deprivation of legal materials might in some instances rise to the level of violating an inmate's constitutional right of access to the courts, see Lewis v. Casey, 518 U.S. 343 (1996), but such a claim would not accrue until the plaintiff-inmate had suffered an actual injury and would have to be pursued in a new civil rights action.

## CONCLUSION

   Having read and considered Plaintiff's requests and Defendants' Opposition, and good cause appearing,

   IT IS HEREBY ORDERED that

   1.  Plaintiff's request for a stay is denied, but he is granted a second extension of time to file his opposition.  The deadline for Plaintiff's opposition to Defendants' dispositive motion will be extended up to and including September 30, 2010.  If Defendants wish to file a reply brief, they shall do so no later

3

1 than <u>fifteen (15) days</u> after the date Plaintiff's opposition is
2 filed.
3     2.   Plaintiff's request for the return of his personal
4 property, including his legal materials, is DENIED.
5     3.   If Plaintiff's personal property is not recovered by
6 <u>September 15, 2010</u>, he may request another extension of time to
7 file his opposition.
8     4.   This Order terminates Docket no. 40.
9     IT IS SO ORDERED.
10 Dated: 8/4/2010      
11                      CLAUDIA WILKEN
                        UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ISIAH LUCAS JR.,

        Plaintiff,

v.

M. MIRANDA et al,

        Defendant.

Case Number: CV07-01673 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 4, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Isiah Lucas E-91878
California State Prison-Solano
2100 Peabody Road
Vacaville, CA 95696

Nancy Hudgins
Law Offices of Nancy E. Hudgins
565 Commercial Street, 4th Floor
San Francisco, CA 94111

Dated: August 4, 2010

                                      Richard W. Wieking, Clerk
                                      By: Nikki Riley, Deputy Clerk