1

2

3                    IN THE UNITED STATES DISTRICT COURT

4               FOR THE NORTHERN DISTRICT OF CALIFORNIA

5    ISIAH LUCAS, JR.,            )   No. 07-1673 CW (PR)
                                  )
6             Plaintiff,          )   ORDER GRANTING PLAINTIFF'S
                                  )   MOTION TO AMEND COMPLAINT TO
7       v.                        )   ADD DEFENDANTS; REQUIRING
                                  )   SERVICE ON CERTAIN DEFENDANTS;
8    LT. SILVA, et al.,           )   GRANTING SERVED DEFENDANTS'
                                  )   REQUEST FOR AN EXTENSION OF
9             Defendants.         )   TIME TO FILE DISPOSITIVE
                                  )   MOTION; AND SETTING BRIEFING
10   _____)   SCHEDULES

11
                                INTRODUCTION
12
          Plaintiff Isiah Lucas, Jr., a state prisoner incarcerated at
13
     California State Prison - Solano, filed the present pro se civil
14
     rights action under 42 U.S.C. § 1983, alleging that prison
15
     officials at the Correctional Training Facility (CTF) were
16
     deliberately indifferent to his serious medical needs while he was
17
     incarcerated there in 2006.
18
          In an Order dated October 28, 2009, the Court reviewed the
19
     complaint and found a cognizable Eighth Amendment claim against
20
     Defendants Curry, Jarvis, Silva and Miranda for deliberate
21
     indifference to Plaintiff's serious medical needs.  The Court
22
     ordered service of the complaint on these Defendants.  Otherwise,
23
     the claims against "all employees" at CTF were dismissed with
24
     prejudice.  Plaintiff's claim against Defendant CTF Captain I.
25
     Guerra was dismissed with leave to amend.
26
          On November 25, 2009, Plaintiff filed an amendment to the
27
     complaint.
28

United States District Court
For the Northern District of California

In an Order dated May 6, 2010, the Court reviewed the amendment to the complaint and found a cognizable Eighth Amendment deliberate indifference claim against Defendant Guerra.  (May 6, 2010 Order at 2.)   In his amendment, Plaintiff clarified that when he named "all employees" at CTF in his original complaint, he was referring to "all who was involved herein Plaintiff's matter, such as 'Tier Officers.'"  (Id. at 2-3.)  However, the Court dismissed his claims against these unidentified defendants.  (Id. at 3.)

On October 6, 2010, the Court denied Defendants Curry's, Jarvis's, Silva's, Miranda's and Guerra's motion to dismiss for failure to exhaust administrative remedies, and it directed these Defendants to file a motion for summary judgment within thirty days.

Before the Court is Plaintiff's motion, entitled "Requesting Permission to Amend by Adding Additional Defendants to Plaintiff's Claim."  For the reasons discussed below, Plaintiff's motion for leave to amend to add these additional Defendants is GRANTED.

Also before the Court is Defendants Curry's, Jarvis's, Silva's, Miranda's and Guerra's motion for extension of time to file a motion for summary judgment.  The Court GRANTS their motion and directs them to abide by the briefing schedule relating to their motion for summary judgment below.

DISCUSSION

In its May 6, 2010 Order reviewing the amendment to the complaint, the Court stated that "Plaintiff [was] referring to several unidentified defendants involved in alleged Eighth Amendment violation."  Because suing unidentified defendants is not favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d

637, 642 (9th Cir. 1980), Plaintiff was directed to correct this pleading deficiency.

In his October 21, 2010 motion, Plaintiff names the prison officials initially identified as the "Tier Officers," who violated his Eighth Amendment rights, including: Defendants CTF Correctional Officers McGriff, Knedler, Childers and Lopez.  (Oct. 21, 2010 Mot. at 2-3.)  Plaintiff claims these Defendants were deliberately indifferent to his serious medical needs.  (Id. at 3.)  Read liberally, Plaintiff's allegations state a cognizable deliberate indifference claim against Defendants McGriff, Knedler, Childers and Lopez.  Therefore, this claim may proceed against these Defendants, who shall abide by the briefing schedule outlined below.  Accordingly, Plaintiff's motion for leave to amend his complaint to add these Defendants is GRANTED.

CONCLUSION

For the foregoing reasons,

1.   Plaintiff's motion for leave to amend his complaint to add Defendants McGriff, Knedler, Childers and Lopez (docket no. 53) is GRANTED.  Plaintiff has stated a COGNIZABLE Eighth Amendment deliberate indifference claim against Defendants McGriff, Knedler, Childers and Lopez.

2.   The Clerk of the Court shall mail: a Notice of Lawsuit and Request for Waiver of Service of Summons; two copies of the Waiver of Service of Summons; a copy of the complaint and the amendment to the complaint and all attachments thereto (docket nos. 1, 20); Plaintiff's motion, entitled "Requesting Permission to Amend by Adding Additional Defendants to Plaintiff's Claim," and all attachments thereto (docket no. 53); a copy of the Court's

**United States District Court**
For the Northern District of California

Orders dated October 28, 2009, May 6, 2010 and October 6, 2010; as well as a copy of this Order to: <u>CTF Correctional Officers McGriff, Knedler, Childers and Lopez</u>.  The Clerk shall also mail a copy of Plaintiff's aforementioned motion and all attachments thereto (docket no. 53) and a copy of this Order to the served Defendants' attorney, Matthew M. Grigg at the Law Offices of Nancy E. Hudgins, 565 Commercial Street, Fourth Floor, San Francisco, California 94111, and to the Attorney General for the State of California. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

3.    Defendants McGriff, Knedler, Childers and Lopez are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants McGriff, Knedler, Childers and Lopez, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants McGriff, Knedler, Childers and Lopez had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), these Defendants will not be required to serve and file an answer before <u>sixty (60) days</u> from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants McGriff, Knedler, Childers and Lopez are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties

of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants McGriff, Knedler, Childers and Lopez have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

4.    Defendants McGriff, Knedler, Childers and Lopez shall answer Plaintiff's allegations in accordance with the Federal Rules of Civil Procedure.

5.    The following briefing schedule shall govern dispositive motions filed by Defendants McGriff, Knedler, Childers and Lopez in this action:

a.    No later than thirty (30) days from the date their answer is due, these Defendants shall file a motion for summary judgment or other dispositive motion, jointly with the original Defendants.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If these Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

b.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on these Defendants no later than thirty (30) days after the date on which these Defendants' motion is filed.

c.    If these Defendants wish to file a reply brief, they shall do so no later than fifteen (15) days after the date

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    Plaintiff's opposition is filed.

2            d.    The motion shall be deemed submitted as of the date

3    the reply brief is due.  No hearing will be held on the motion

4    unless the Court so orders at a later date.

5            e.    Defendants Curry, Jarvis, Silva, Miranda and Guerra,

6    who have previously been served, have been told that discovery may

7    be taken in this action in accordance with the Federal Rules of

8    Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is

9    also hereby granted to the other Defendants to depose Plaintiff and

10   any other necessary witnesses confined in prison.

11           f.    As Plaintiff has been instructed to do with

12   Defendants Curry, Jarvis, Silva, Miranda and Guerra, all

13   communications by Plaintiff with the Court must be served on the

14   other Defendants, or these Defendants' counsel once counsel has

15   been designated, by mailing a true copy of the document to their

16   counsel.

17       6.    Defendants Curry's, Jarvis's, Silva's, Miranda's and

18   Guerra's motion for an extension of time to file their motion for

19   summary judgment (docket no. 54) is GRANTED.  The time in which

20   these Defendants may file their motion for summary judgment will be

21   extended up to and including January 27, 2011.  The motion must be

22   filed jointly by all Defendants.  Plaintiff's opposition to the

23   dispositive motion shall be filed with the Court and served on

24   these Defendants no later than thirty (30) days after the date

25   these Defendants' motion is filed.  If these Defendants wish to

26   file a reply brief, they shall do so no later than fifteen (15)

27   days after the date Plaintiff's opposition is filed.  No further

28   extensions will be granted absent exigent circumstances.

7.    This Order terminates Docket nos. 53 and 54.

IT IS SO ORDERED.

DATED:    11/12/2010

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ISIAH LUCAS JR.,

              Plaintiff,

   v.

M. MIRANDA et al,

              Defendant.
_____/

Case Number: CV07-01673 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 12, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Isiah  Lucas E-91878
California State Prison-Solano
2100 Peabody Road
Vacaville,  CA 95696

Nancy  Hudgins
Law Offices of Nancy E. Hudgins
565 Commercial Street, 4th Floor
San Francisco,  CA 94111

Dated: November 12, 2010

              Richard W. Wieking, Clerk
              By: Nikki Riley, Deputy Clerk

**United States District Court**
For the Northern District of California