IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ISIAH LUCAS, JR., | ) | No. C 07-1673 CW (PR) |
| Plaintiff, | ) ) | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY |
| v. | ) ) | |
| LT. SILVA, et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

INTRODUCTION

Plaintiff Isiah Lucas, Jr., a state prisoner incarcerated at California State Prison - Solano, filed the present pro se civil rights action under 42 U.S.C. § 1983, alleging that prison officials at the Correctional Training Facility (CTF) were deliberately indifferent to his serious medical needs while he was incarcerated there in 2006.

Defendants Curry's, Jarvis's, Silva's, Miranda's and Guerra's motion for summary judgment is due on January 27, 2011. The Court recently found a cognizable Eighth Amendment deliberate indifference claim against Defendants McGriff, Knedler, Childers and Lopez. The Clerk of the Court mailed each of these Defendants a Notice of Lawsuit and Request for Waiver of Service of Summons. Defendants McGriff, Knedler, Childers and Lopez were directed to answer Plaintiff's allegations in accordance with the Federal Rules of Civil Procedure.

Before the Court is Plaintiff's motion to compel discovery. For the reasons discussed below, Plaintiff's motion is DENIED.

DISCUSSION

Discovery may be taken in accordance with the Federal Rules of

Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.  For Plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to Defendants' counsel.  See Fed. R. Civ. P. 33-34.  The scope of discovery is limited to matters "relevant to the claim or defense of any party . . . .  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2).

In his motion to compel, Plaintiff lists the following four discovery requests:

> #1) On 4/19/2006, Plaintiff arrived at CTF-Soledad. He sleeped [sic] over night - in Receiving & Release on the floor.  The person responsible for housing him was the Housing Sargent [sic].  Plaintiff seek[s] the Sargent's [sic] name -- that was responsible for housing assignment.
>
> #2) On 4/20/2006, Plaintiff was moved to "C-Wing" of CTF-Soledad Central.  Plaintiff was housed there in "C-Wing" from 4/20/06 thru to 6/5/06.  Plaintiff, seek[s] the names of ALL unit housing officers that worked the floor during such period, and for both 2nd & 3rd Watch, and this is to include permenant [sic] & relief officers.

2

1
2
3
4
     #3)  On 6/05/2006, Plaintiff was moved to "D-Wing" of CTF-Soledad Central.  Plaintiff was housed there in "D-Wing" from 6/05/06 thru to 7/8/06.  Plaintiff, seek[s] the names of ALL unit housing officers that worked the floor during such period, and for both 2nd & 3rd Watch, and this is to include permenant [sic] & relief officers.

5
6
7
     #4)  On 7/8/06, Plaintiff was moved to "X-Wing" of CTF-Soledad Central.  As one is admitted into "X-Wing" inre [sic] that of Administrtive [sic] Segregation" purpose, they are logged in a log book.  Plaintiff seek[s] to be provided that of the time he was logged into "X-Wing."

8 (Mot. to Compel at 3.)  Plaintiff does not allege that he sent the
9 first and fourth discovery requests to Defendants' counsel.  Before
10 moving to compel, Plaintiff must serve Defendants with a copy of
11 his discovery requests in accordance with the Federal Rules of
12 Civil Procedure.  Therefore, Plaintiff's motion to compel responses
13 to the first and fourth discovery requests is DENIED as premature.
14     Regarding his second and third discovery requests, Plaintiff
15 states that he "has made multiple attempts to the Defendnats [sic]
16 and/or CDCR to obtain that which is being sought inre [sic] to Rule
17 of Civil Procedure 37(a)(2)(2)."  (Mot. to Compel at 2.) Plaintiff
18 alleges that he has made requests to CTF "via that of
19 correspondence and appeals, all to no avail," and that the "last
20 three times which [he] has sent a request for the list of names of
21 the Housing Unit Floor Staff -- is as follows: 5/13/10; 6/14/10;
22 8/22/10."  (Id. at 1.)  Plaintiff has not alleged that he addressed
23 any of these three requests directly to Defendants' counsel.
24 Instead, Plaintiff has submitted the August 22, 2010 request, which
25 was addressed to CTF "ATTN: Litigation Coordinator's Ofc.; and Ben
26 Cutty (Warden)."  (Id., Ex. 2)  Plaintiff has submitted Proof of
27 Service to show that a copy of the August 22, 2010 request to CTF
28 was sent to Defendants' counsel.  However, there is nothing in the

3

record to support the allegation that he addressed the demands for his second and third discovery requests directly to Defendants' counsel; instead, Plaintiff only addressed these demands to CTF. As mentioned above, before moving to compel, Plaintiff must first serve Defendants, through counsel, with a copy of his discovery requests in accordance with the Federal Rules of Civil Procedure. Because Plaintiff addressed his second and third discovery requests to CTF and not directly to Defendants' counsel, the motion to compel responses to these discovery requests is DENIED as premature.

The August 22, 2010 request addressed to CTF constitutes a demand made upon a non-party. In this request, Plaintiff also seeks to obtain the names of all "Housing Staff/Floor Officers" at CTF during the relevant time frame, stating:

> #1) I need (and have been requesting - multiple times) that of the names of both the 2nd and 3rd Watch Correctiaonal [sic] Officers -- that was floor staff from the time of April thru July of 2006 (the regulars) that was assigned to "C & D Wing" in order to list as defendants.

(Id.)

The Court cannot compel non-parties, such as CTF, to provide him with information. Plaintiff may compel a person who is not a party to this action to produce documents for inspection and copying pursuant to a subpoena duces tecum. See Fed. R. Civ. P. 34(c), 45(a). In order to do so, Plaintiff must fill out subpoena forms and must ensure that each person is served with the subpoena by a non-party. Plaintiff must tender to each person "the fees for one day's attendance and the mileage allowed by law." Fed R. Civ. P. 45(b)(1). The current requisite fee for each person is forty

4

1  dollars per day, see 28 U.S.C. § 1821(b), and cannot be waived for
2  a plaintiff proceeding in forma pauperis.  See Dixon v. Ylst, 990
3  F.2d 478, 480 (9th Cir. 1993).  Therefore, Plaintiff's motion for
4  leave to conduct non-party discovery related to his second and
5  third discovery requests is DENIED.
6      Accordingly, Plaintiff's motion to compel (docket no. 60) is
7  DENIED.
8      This Order terminates Docket no. 60.
9      IT IS SO ORDERED.
10 DATED: 11/23/2010
                CLAUDIA WILKEN
11                 United States District Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ISIAH LUCAS JR.,

        Plaintiff,

  v.

M. MIRANDA et al,

        Defendant.

Case Number: CV07-01673 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 23, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Isiah Lucas E-91878
California State Prison-Solano
2100 Peabody Road
Vacaville, CA 95696

Dated: November 23, 2010

                              Richard W. Wieking, Clerk
                              By: Nikki Riley, Deputy Clerk