IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ISIAH LUCAS, JR.,

    Plaintiff,

  v.

LT. SILVA, et al.,

    Defendants.
                                      /

No. C 07-1673 CW (PR)

ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL AND DENYING HIS MOTION TO STAY

(Docket nos. 70, 71)

## INTRODUCTION

Plaintiff Isiah Lucas, Jr., a state prisoner incarcerated at California State Prison - Solano (CTF), filed this pro se civil rights action under 42 U.S.C. § 1983, alleging that CTF prison officials were deliberately indifferent to his serious medical needs while he was incarcerated there in 2006. Plaintiff specifically alleges that Defendants assigned him to an upper bunk, despite the fact that he had a chrono for a lower bunk due to back discomfort and knee problems.

## BACKGROUND

On November 16, 2010, Plaintiff filed a motion to compel in which he sought various discovery responses, including the time he was admitted into the "X-Wing" on July 8, 2006 and the identities of various CTF prison officials who worked in the areas where he was housed in 2006.

In an Order dated November 23, 2010, the Court denied Plaintiff's motion to compel because (1) he did not serve Defendants, through counsel, with a copy of his discovery requests

in accordance with the Federal Rules of Civil Procedure; and (2) his other discovery requests were made to non-parties.

On December 16, 2010, Defendants' counsel, Attorney M. Grigg, deposed Plaintiff. On December 31, 2010, Plaintiff received a copy of the transcript of the deposition.

On January 16, 2011, Plaintiff mailed a letter with his discovery requests to Attorney Grigg, seeking the information requested in the November 16, 2010 motion to compel, as well as other information regarding the inmate capacity and the number of cells at CTF.

On January 21, 2011, Attorney Grigg replied to Plaintiff's discovery requests. Attorney Grigg requested that Plaintiff comply with the Federal Rules of Civil Procedure and that he "state what it is that [he] seek[s] very clearly, precisely, and plainly." (Mot. to Compel Disc. at 8.) Nothing in the record indicates that Plaintiff submitted more specific discovery requests to Attorney Grigg.

On January 27, 2011, Defendants Warden B. Curry, Captain T. Jarvis, Sergeant I. Guerra, Associate Warden D. Silva, Sergeant M. Miranda, Sergeant M. Knedler and Officers N. McGriff, G. Lopez and J. Childers filed a motion for summary judgment. In the Court's November 12, 2010 Order, the deadline for Plaintiff's opposition had been set for February 28, 2011.

On February 10, 2011, Plaintiff filed a motion to stay proceedings in order for him to review the December 16, 2010 deposition, to obtain unspecified medical records, and to request discovery from Defendants. (Mot. to Stay at 2.) Plaintiff claims he has "not -- had ample time to review and/or make any needed

2

changes" to his deposition under Rule 30(e) of the Federal Rules of Civil Procedure. (Id. at 1.) He also alleges that he "has been trying to obtain that of his medical records now for approx. some 6-to-8 months, with all endevors [sic] thus far being unavailing . . . ." (Id.) Finally, Plaintiff claims he intends to add new Defendants to this action, but he has not been able to obtain the names of these new Defendants.

On February 11, 2011, Defendants filed an opposition to Plaintiff's motion to stay proceedings. Defendants argue that Plaintiff "offers no affidavit or declaration, does not specify what facts further discovery would reveal, and does not explain how such facts even theoretically might preclude summary judgment." (Defs.' Opp'n at 3.) Specifically, Defendants argue that Plaintiff's motion to stay does not satisfy the prerequisites of Federal Rule of Civil Procedure 56(d),[1] which provides that if a party opposing summary judgment demonstrates a need for further discovery in order to obtain facts essential to justify the party's opposition, the trial court may 1) defer considering the motion for summary judgment or deny it; 2) allow time to take discovery; or 3) issue any other appropriate order. See Fed. R. Civ. P. 56(d); Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998).

Also on February 11, 2011, Plaintiff filed a second motion to compel, in which he again seeks the names of certain CTF prison officials who worked in the areas where he was housed in 2006,

---

[1] Former Federal Rule of Civil Procedure 56(f) was amended in 2010. It is now set forth in Rule 56(d). "Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)." Fed. R. Civ. P. 56 advisory committee's note.

3

including:

    a)    Correctional Officers, that was assigned to "C-Wing" as unit housing officers, from the span of "April 20, 2006 -- thru to June 5, 2006." This will include that of both "2nd & 3rd Watch -- Correctional Officers;" and

    b)    Correctional Officers, that was assigned to "D-Wing" as unit housing officers, from the span of June 5, 2006 -- thru to July 8, 2006." This will include that of both "2nd & 3rd Watch -- Correctional Officers."

(Mot. to Compel Disc. at 2.) Plaintiff also seeks a copy of the "Log Book" at "X-Wing," in order to find out the "time he was logged in (initially) on July 8, 2006 . . . ." (Id.) Finally, Plaintiff seeks copy of form "CDC-154"[2] in order "to support his claim in showing the duty of the Defendants, simple, had to do in order to make a bed move . . . ." (Id.)

    For the reasons discussed below, the Court DENIES Plaintiff's second motion to compel and DENIES his motion to stay.

## DISCUSSION

    Summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs. Jones v. Blanas, 393 F.3d 918, 930 (9th Cir. 2004); Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir. 1988). When a party moves for summary judgment before the opposing party has had a "realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any [Rule 56(d)] motion fairly freely." Burlington Northern Santa Fe R. Co. v. The

---

[2] "CDC-154" is a medical transport form.

4

Assiniboine, 323 F.3d 767, 774 (9th Cir. 2003).  As such, summary judgment in the face of requests for additional discovery in cases involving pro se plaintiffs is appropriate only where such discovery would be "fruitless" with respect to the proof of a viable claim.  Jones, 393 F.3d at 930; Klingele, 849 F.2d at 412.

Rule 56(d) requires an affidavit which sets forth the information sought and how it would preclude summary judgment by creating a genuine issue of material fact.  See Hall v. Hawaii, 791 F.2d 759, 761 (9th Cir. 1986).  The Ninth Circuit has held that a court is free to construe a discovery motion as a request under and in compliance with former Rule 56(f).  Hancock v. Montgomery Ward Long Term Disability Trust, 787 F.2d 1302, 1306 n.1 (9th Cir. 1986).

In making a Rule 56(d) motion, a party opposing summary judgment must make clear "what information is sought and how it would preclude summary judgment."  Margolis, 140 F.3d at 853 (district court correctly denied motion for continuance to engage in further discovery under former Rule 56(f) where plaintiff did not provide any basis or factual support for his assertions that further discovery would lead to the facts and testimony he described, and his assertions appeared based on nothing more than "wild speculation").  The Ninth Circuit has stated that, under former Rule 56(f), "the party seeking a continuance bears the burden to show what specific facts it hopes to discover that will raise an issue of material fact."  Continental Maritime v. Pacific Coast Metal Trades, 817 F.2d 1391, 1395 (9th Cir. 1987).

Under Rule 56(d), the plaintiff must also demonstrate how

5

"additional discovery would have revealed specific facts precluding summary judgment." See Tatum v. City and County of S.F., 441 F.3d 1090, 1101 (9th Cir. 2006).

Here, Plaintiff has not met his burden under Rule 56(d). Plaintiff fails to show how the information sought will reveal specific, material facts precluding summary judgment. Plaintiff only states in conclusory fashion that the information sought will support his claims in his complaint or, as explained below, will allow him to raise new claims against additional Defendants. Such conclusory allegations are not sufficient under Rule 56(d).

In addition, Plaintiff's individual requests do not show adequate cause to grant the motion to stay. First, he seeks additional time to review the transcript of his deposition. Plaintiff concedes that he received a copy of the transcript on December 31, 2010; therefore, he has had more than the thirty-day time frame required under Rule 30(e) to review the transcript.

Plaintiff's motion to compel is not timely or properly made. Discovery requests are to be made directly to Defendants through their attorneys, in accordance with the Federal Rules of Civil Procedure. Defendants are then required to respond timely by fulfilling the requests and/or objecting. If Defendants do not respond timely or sufficiently, Plaintiff may then file a motion to compel with the Court and serve it on Defendants' counsel. (Ordinarily parties are required to meet and confer before a motion to compel may be filed, but the Court will excuse that requirement because Plaintiff is incarcerated.)

Here, the record shows that Plaintiff attempted initially to

send his discovery requests to Defendants' attorney; however, Attorney Grigg responded by asking Plaintiff to make his requests more specific, pursuant to the Federal Rules of Civil Procedure relating to discovery. Instead of responding to Attorney Grigg, Plaintiff filed the present motion to compel. First, Plaintiff added new items to his discovery requests -- including, the log book from "X-Wing" and a form entitled "CDC-154" -- which were not previously presented to Defendants.[3] Therefore, Plaintiff's motion to compel is DENIED as to the form entitled "CDC-154" because he did not request that form directly from Defendants. In addition, Plaintiff's remaining discovery requests are too broad. For example, Plaintiff seeks his "medical records." (Mot. to Stay at 1, Mot. to Compel Disc. at 2.) He also seeks the names of various CTF prison officials from the "C-Wing" and "D-Wing." (Mot. to Compel. Disc at 2.) Because these discovery requests are overly broad on their face and he did not re-submit them to Defendants with more specificity as requested, Plaintiff's motion to compel (docket no. 71) as to these discovery requests is DENIED.

Because Plaintiff has not shown that relevant facts remain to be discovered in order to oppose summary judgment, the denial of a continuance is appropriate under the standards contained in Rule 56(d) and is not a violation of Plaintiff's due process rights. Therefore, the Court also DENIES his motion to stay (docket no. 70). However, the Court finds that a brief extension of time for

---

[3] In his January 16, 2011 letter to Attorney Grigg containing various discovery requests, Plaintiff indicated that he was seeking the time he was "admited [sic] to 'X-Wing;'" however, he did not specify that this information was located in the log book.

7

Plaintiff to file his opposition is appropriate.  Plaintiff's opposition to the motion for summary judgment shall be filed with the Court and served on Defendants no later than <u>March 7, 2011</u>. Defendants shall file their reply no later than <u>fifteen (15) days</u> after the date Plaintiff's opposition is filed.

<u>No further extensions of time will be granted in this case absent exigent circumstances.</u>

This Order terminates Docket nos. 70 and 71.

IT IS SO ORDERED.

Dated: 2/22/2011

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIAH LUCAS JR., | Case Number: CV07-01673 CW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| M. MIRANDA et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 22, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Isiah Lucas E-91878
R.J. Donovan Correctional Facility
P.O. Box 799001
1-2-104
480 Alta Road
San Diego, CA 92179-9001

Dated: February 22, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk