IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ISIAH LUCAS, JR.,

        Plaintiff,

   v.

LT. SILVA, et al.,

        Defendants.

_____/

No. C 07-1673 CW (PR)

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION

(Docket no. 86)

     Plaintiff Isiah Lucas, Jr., a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, claiming deliberate indifference to his serious medical needs by correctional officers and prison officials at the Correctional Training Facility.

     After full briefing by the parties, the Court, by Order dated March 30, 2011, granted Defendants' motion for summary judgment on qualified immunity grounds.  Specifically, the Court found that Plaintiff had raised a triable issue of fact with respect to whether Defendants acted with deliberate indifference to his serious medical needs when they failed to provide him with an upper bunk, but concluded that Defendants are entitled to qualified immunity because it would not have been clear to a reasonable correctional officer or prison official that prison operating procedures requiring them to give low priority to Plaintiff's request would result in the violation of Plaintiff's Eighth Amendment rights.  Order at 12:14-19:22.

     Now pending before the Court is Plaintiff's Motion for Reconsideration, in which he objects to the Court's Order granting

United States District Court
For the Northern District of California

summary judgment.  He also asks the Court to consider arguments made in other papers he filed after the summary judgment motion was submitted for review.  Defendants oppose Plaintiff's motion on the ground that Plaintiff did not obtain Court permission to file a motion for reconsideration in accordance with the Northern District's Civil Local Rule 7-9(a).  Because Rule 7-9(a) only applies to pre-judgment motions for reconsideration, however, it is not applicable herein.

A motion which challenges the Court's final judgment may be brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.  See Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441-42 (9th Cir. 1991).  Plaintiff's motion, which was filed within ten days of entry of judgment, will be treated as a motion to alter or amend judgment under Rule 59(e).  See United States v. Nutri-Cology, Inc., 982 F.2d 394, 396-97 (9th Cir. 1992).[1]  "A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." McDowell v. Calderon, 197 F.3d 1253, 1254 (9th Cir. 1999) (internal quotation and citation omitted).

In the present motion and other referenced documents filed by Plaintiff, he argues that the evidence presented on summary judgment creates a material dispute as to whether Defendants violated his constitutional rights, and that Defendants are not

---

[1] Plaintiff's motion is deemed filed on April 12, 2011, the date on which the Proof of Service was signed by Plaintiff and the motion delivered to prison authorities for mailing.  See Schroeder v. McDonald, 55 F.3d 454, 459 (9th Cir. 1995).

United States District Court
For the Northern District of California

1  entitled to qualified immunity because their actions violate the

2  remedial order issued in Plata v. Schwarzenegger, Case No.

3  C 01-01351 TEH (N.D. Cal.), aff'd in part, 603 F.3d 1008 (9th Cir.

4  2010).

5      Plaintiff's first argument is moot.  As noted, the Court

6  already has found that Plaintiff's evidence raises a triable issue

7  of fact regarding the violation of his constitutional rights.

8      Plaintiff's second argument also does not warrant

9  reconsideration.  A remedial court order, standing alone, cannot

10 serve as the basis for liability under 42 U.S.C. § 1983 because

11 such orders do not create "rights, privileges or immunities secured

12 by the Constitution and laws" of the United States.  Green v.

13 McKaskle, 788 F.2d 1116, 1123-24 (5th Cir. 1986).  Accordingly,

14 even if Defendants knew that their actions violated the terms of

15 the remedial order in Plata, this does not establish that it would

16 have been clear to them that their actions violated the Eighth

17 Amendment.

18     Plaintiff has not presented the Court with newly discovered

19 evidence, shown that the Court committed clear error, or shown that

20 there has been an intervening change in the controlling law that

21 would change the Court's ruling.  Accordingly, Plaintiff's motion

22 for reconsideration under Rule 59(e) is DENIED.

23     This Order terminates Docket no. 86.

24     IT IS SO ORDERED.

25 Dated:  3/8/2012

26                              CLAUDIA WILKEN
                               UNITED STATES DISTRICT JUDGE

27

28

                               3